## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | CRIMINAL NO. 3:03CR95 (PCD) |
| JAIRO CALDERON | : | March 16, 2005 |

### MEMORANDUM IN AID OF SENTENCING

The defendant, Jairo Calderon, submits this memorandum as an aid to the Court in his sentencing. On May 19, 2003 Mr. Calderon pled guilty to Count One of the indictment in violation of Title 21, U.S.C. sections 846 and 846(b)(1)(B)(ii). Immediately after his guilty plea, Mr. Calderon began engaging in proactive cooperation with the government, assisting in the investigation and prosecution of significant drug dealers in the Greater Norwalk/Stamford area. This cooperation has been recognized by the government in its Motion for Downward Departure. Mr. Calderon respectfully requests the Honorable Court to depart downward based upon his substantial assistance to the government.

I.      PERSONAL BACKGROUNG

Mr. Calderon's personal background is fully and accurately described in the Pre-Sentence Report. However, Mr. Calderon would like to bring to the Court's attention that he is a legal resident and not a citizen of the United States. This immigration status coupled with his conviction for this offense will very likely result in his deportation from the United States; he has lived in this country since he was eleven years old and his mother and his siblings all live here as well.

II      LEGAL DISCUSSION

The United States Sentencing Guidelines operate in the context of section 3553 of

Title 18 of the United States Code.  Section 3553(a) provides that the court "shall impose

a sentence sufficient, but not greater then necessary...

A.      to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense;

B.      to afford adequate deterrence to criminal conduct;

C.      to protect the public from further crimes of the defendant; and,

D.      to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective

manner",

18 U.S.C. section 3553(a).

The sentencing court "has an independent power and responsibility to impose the

proper sentence" under this statutory scheme.  United States v. Pena, 930 F.2d 1486,

1495-96 (10th Cir. 1991); United States v. Agu, 763 F.Supp. 703, 704 (E.D.N.Y. 1991;

United States v. Swapp, 719 F.Supp. 1015, 1025 (D. Utah 1989). Indeed, because "the

prosecutor has tremendous discretion to decide whom to indict and what crimes to

indict...the essence of our system of separated powers is that the judiciary have some

discretion to counterbalance the prosecutor's awesome power." United States v. Jackson,

756 F. Supp 23, 27 (D.D.C. 1991).  Furthermore, under the new advisory nature of the

sentencing guidelines section 3553(a) take on new significance in the sentencing process

as it allows the court to consider many factors in imposing sentence upon a defendant

which the defendant may have been precluded from arguing pre-Booker/Fanfan. United States v. Booker, 543 U.S. __ (2005).

In the framework of 18 U.S.C. 3553, the sentencing guidelines set forth a non-exhaustive list of factors that can constitute a basis for departure. United States v. Rogers, 972 F.2d 489 (2d Cir. 1992); U.S.S.G. 5K2. Because the sentencing guidelines are now advisory they cannot encompass every possible sentencing scenario. Booker, supra. The holding in Booker permits the Court to consider both factors enumerated in the sentencing guidelines and mitigating factors that are not specifically addressed in the sentencing guidelines but are present in a particular case. Id., Rogers, 972F.2d at 492-93; United States v. Jagmohan, 909 F.2d 61, 65 (2d Cir. 1990); U.S.S.G. ch1, pt A(4)(b).

1.    The Court Should Depart Downward Due to Mr. Calderon's Substantial Assistance to the Government

In this matter, the government agrees that Mr. Calderon provided valuable assistance. Mr. Calderon's cooperation is set forth in the Memorandum in Support of the Government's Motion for Downward Departure, filed by the United States Attorney. On this basis Mr. Calderon seeks a downward departure under U.S.S.G 5K1.1.

Because there is no dispute in this case that Mr. Calderon provided substantial and valuable assistance to the government, Mr. Calderon respectfully requests that this court exercise its discretion and depart downward. However, the defendant does take issue with the government's characterization of the defendant's cooperation as luke warm. Mr. Calderon's cooperation began the day he pled guilty and thereby did not force the government to divulge a significant witness who was " actively engaged in an on-going

investigation" which disclosure of the witness would "seriously jeopardize the integrity of the investigation as well as the safety of the witness." See Attached Joint Motion for Continuance dated May 16, 2003. Additionally Mr. Calderon had agreed to testify in the prosecution of Mr. Rodolfo Duque and in fact his name was on the witness list disclosed to Mr. Duque's attorney prior to Mr. Duque's decision to plead guilty. Mr. Duque was a significant drug dealer with an extensive criminal record who received a very lengthy prison sentence in part due to the cooperation of Mr. Calderon. Additionally, Mr. Calderon engaged in pro-active investigative efforts by meeting with narcotics dealers and recording their conversations at great risk to his safety. The pro-active efforts by Mr. Calderon led to the arrest of two narcotics dealers in the Fairfield county area. While these arrests involved only ounces of cocaine, in at least one of the instances mentioned above Mr. Calderon was attempting to negotiate for kilo quantities of cocaine, however the government chose not to peruse purchases of the larger quantities and brought the investigation to a conclusion with only ounce purchases of cocaine.

Since the Court has absolute discretion under U.S.S.G. 5K1.1 as to the extent of a downward departure if any, Mr. Calderon is requesting the court to consider the extent of his cooperation and the danger he risked to himself and his family in providing assistance to the government. Additionally, there have been threats to Mr. Calderon and to Mr. Calderon's family which he reported to TFA DiCarlo. Further, it is common knowledge that drug dealers have retaliated against family members of individuals who have provided assistance to the government.

In deciding the appropriateness and extent of a downward departure under U.S.S.G 5K1.1, Mr. Calderon requests the Court consider the his Post-Offense Rehabilitation, which, without the benefit of a 5K1.1 motion by the government, may have independently been a ground for downward departure. Since the Court has absolute discretion under U.S.S.G. 5K1.1 as to the extent of a downward departure if any, Mr. Calderon is simply requesting the court to consider the extraordinary efforts he has engaged in to better his life while he was on pre-trial release. Mr. Calderon has been on pre-trial release since April of 2003 and he has had no reporting difficulty whatsoever. He has actively attended an out patient drug treatment program at Norwalk Community Counseling on a weekly basis and through this treatment he has remained drug free. Mr. Calderon attended this program weekly until very recently when he was scaled back to bi-weekly attendance at the program. Indeed, according to the PSR his counselor reports that Mr. Calderon, "is one of only a few people he counsels that truly feels remorse for his behavior." PSR at 7. Further, his counselor gave a glowing report on Mr. Calderon advising the Probation officer that he supports Mr. Calderon "without reservation.". Id. In addition, Mr. Calderon has diligently reported to the pre-trial officer without any problems and his drug tests have all been negative. Additionally, what is really remarkable about Mr. Calderon is that he has made these extraordinary efforts to rehabilitate himself while at the same time he has been running his own successful painting business. This is a man who has recognized his wrongdoing and is making extraordinary efforts to change his life.

III.    CONCLUSION

Mr. Calderon provided pro-active substantial assistance to the government at great risk to his safety, and is making, and has made, extraordinary efforts to rehabilitate himself since his arrest. Mr. Calderon requests the Honorable Court to impose a sentence which will allow Mr. Calderon to remain in the community. A sentence which allows him to remain in the community is a reasonable sentence which is appropriate for his conduct while also reflecting the assistance provided to the government and his extraordinary rehabilitative efforts. A period of incarceration will impede his rehabilitative efforts and significantly impede his efforts to become a productive member of society.

THE DEFENDANT,
JAIRO CALDERON

_____
Francis L. O'Reilly, CT 17505
87 Ruane Street
Fairfield, CT 06430
Phone 203-319-0707
Fax 203-319-0707

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage paid, this date to the following:

Mark D. Rubino, Esq. AUSA
157 Church Street
New Haven, CT 06510

Francis L. O'Reilly

MAY.16.2003   4:54PM                                              NO.818   P.2/5

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

MAY 16   3 39 PM '03

U. S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES OF AMERICA          :

v.                                :          Criminal No. 3:03CR95(PCD)

JARIO CALDERON                    :          May 16, 2003

## Motion for Protective Order and
## Joint Motion for Continuance

The United States and defendant, Jairo Calderon, respectfully move for a continuance of the trial in this matter, which is presently scheduled for jury selection on May 19, 2003. In addition, the government moves for a protective order permitting delayed disclosure of the identity of a government witness.

On April 15, 2003, a federal grand jury returned an indictment charging the defendant with various drug trafficking offenses. Defendant was arraigned and pled not guilty to those charges on April 21, 2003. On April 21, 2003, the Court tentatively set jury selection for June 4, 2003. On May 3, 2003, the Court re-set jury selection for May 19, 2003. On May 9, 2003, defendant moved for a continuance of the trial date, which was denied by the Court on May 15, 2003.

A. Motion to Continue

In support of the instant motion to continue, the parties state that additional time is needed to determine whether this matter can be resolved by a plea agreement. On May 15, 2003 and again on May 16, 2003, counsel for the government spoke with defense counsel about the prospect of a guilty plea which would necessarily include cooperation with law enforcement. However, before

1

the parties can agree on the terms of a plea agreement, it will be necessary for the defendant to submit to a detailed proffer with the case agent. The government would need a brief period of time after the proffer to assess the credibility and usefulness of the defense proffer. In addition, the parties need additional time to determine whether there will be any way to resolve the defendant's immigration problems, since the defendant would likely be deported if he were to be convicted of the charges in this case.

Secondly, the DEA chemist who analyzed the drugs seized in this case is having surgery on Monday May 19, 2003, and is expected to be on sick leave for 2-3 weeks. As of the time of this submission, the government did not have an opportunity to determine whether the defense would be willing to stipulate to the testimony of the chemist.

On May 16, 2003, counsel for the government spoke with counsel for the defendant, Frank O'Reilly, who advised that the defendant joins in this motion.

B. Protective Order

Moreover, the government needs additional time since it has not yet disclosed one of its principal witnesses to the defense. The government respectfully requests that it be permitted to continue to withhold this individual's identity for a short period of time.

On May 5, 2003, the government sent out its response to the Standing Discovery Order and, among other things, advised the defendant of the witnesses who would testify against the defendant, with the exception of one witness. The government advised the defendant that it was withholding the identity of one witness who was actively engaged in an on-going investigation because disclosure at that time would seriously jeopardize the integrity of the investigation as well as the safety of that witness.

2

To date, this witness is still actively engaged in multiple covert investigations being conducted by the DEA. The government believes that these investigations can be concluded within three weeks. However, at this time, the government needs the additional time to finish the investigations and take down the respective cases. In addition, and most importantly, the government needs the additional time to ensure the safety of this witness, who has been actively involved in a multi-district investigation of both domestic and foreign targets. Thus, the DEA needs additional time to undertake the steps necessary to ensure the safety of this witness and his/her family.

Given that only 31 days have passed since the date of indictment, the government submits that the defendant's speedy trial rights will not be prejudiced by the granting of this motion. Accordingly, the government respectfully requests that it be permitted to continue to withhold the identity of this witness for an additional three weeks.

3

## III.   CONCLUSION

For the foregoing reasons, the parties respectfully request that the trial in this matter be continued. Additionally, the government respectfully requests that its motion for a protective order be granted.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

For:   MARK D. RUBINO
ASSISTANT UNITED STATES ATTORNEY
157 Church Street
New Haven, Connecticut 06510
Tel. (203) 821-3732
Federal Bar No. CT03469

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was faxed to Frank O'Reilly, Esq.
87 Ruane Street, Fairfield CT 06430 on this, the 16th day of May 2003.

H. GORDON HALL
ASSISTANT U.S. ATTORNEY

4