UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 3:03CR095(PCD) |
| | : | |
| JAIRO CALDERON | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME FOR SELF SURRENDER**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response in opposition to defendant's move for an enlargement of time to self-surrender. As we demonstrate below, there are no "exceptional reasons" which justify an enlargement of time to self-surrender in this case.

On May 19, 2003, defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine. On March 18, 2005, defendant was sentenced to 15 months imprisonment. At the conclusion of the sentencing hearing, defendant requested that he be permitted to self-surrender. The government objected on the ground that Title 18, United States Code, Section 3143, provides that the Court **shall** order that a person who is awaiting execution of sentence in a drug case to be detained unless (a) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (b) the government has recommended no sentence of imprisonment and the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released. 18 U.S.C. § 3143(a)(2). Title 18, United States Code, Section 3145(c) permits release in this situation only when it is "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." The Court overruled the government's objection and permitted the defendant to self-surrender.

Defendant now seeks additional time for the purpose of selling the two-family home that he lives in with other family members. First, there is nothing exceptional about this since the defendant is not the only person who can negotiate the sale of this family homestead. Second, to the extent the defendant is a necessary part of the process, he created the problem himself. As the attachments to the defendant's motion indicate, defendant listed the property for sale on March 23, 2005, one week **after** he was sentenced. One wonders what Mr. Calderon was doing for the last two years. Defendant cannot now seek such an extraordinary accommodation when he had two years to get his affairs in order.

Plainly, Congress has determined that release of a defendant in Mr. Calderon's situation should be the exception, not the rule. The exception becomes meaningless when a defendant can avail himself of this privilege under these circumstances. Accordingly, the defendant's motion should be denied.

>                   Respectfully submitted,
>
>                   KEVIN J. O'CONNOR
>                   UNITED STATES ATTORNEY
>
>                         /s/
>                   MARK D. RUBINO
>                   ASSISTANT UNITED STATES ATTORNEY
>                   157 Church Street
>                   New Haven, Connecticut  06510
>                   Telephone (203) 821-3828
>                   Federal Bar No. CT03496

**CERTIFICATION**

      I hereby certify that a copy of the foregoing motion was sent via first class mail on this 21st day of April, 2005, to:

Frank O'Reilly, Esq.
87 Ruane Street
Fairfield, CT06430

Mark Myers
U.S. Probation Office
New Haven, Connecticut


                                                /s/
                                     MARK D. RUBINO
                                     ASSISTANT UNITED STATES ATTORNEY